Linda CARGILL, Appellant (Plaintiff),

v.

STATE of Wyoming, DEPARTMENT OF HEALTH, DIVISION OF HEALTH CARE FINANCING, Appellee (Intervenor).

No. 97–315.

Supreme Court of Wyoming.

Nov. 9, 1998.

Frederick J. Harrison of Harrison & Massey, LLC, Rawlins, for Appellant (Plaintiff).

William U. Hill, Attorney General; Michael L. Hubbard, Deputy Attorney General; and N. Denise Burke, Assistant Attorney General, Cheyenne, for Appellee (Intervenor).

Before LEHMAN, C.J., and MACY, GOLDEN, and TAYLOR,* JJ., and PRICE, D.J.

* Chief Justice at time of oral argument and retired 11/2/98.

TAYLOR, Justice, Retired.

Appellant contests the district court's order awarding the Department of Health full reimbursement, from appellant's settlement with a third party, of benefits paid by Medicaid on her behalf. Finding no error in the district court's order, we affirm.

## I. ISSUES

Appellant, Linda Cargill (Cargill), seeks review of the following issues:

I. Can the Department of Health Care Financing enforce a medical expense lien without actually filing the lien?

II. When the plain language of the applicable statute states that the Department's lien "shall be reduced by the attorney's fees and expenses authorized pursuant to this section," Wyo. Stat. § 42–4–202(f), may the Department claim that it is entitled to the full amount of its lien and further reduce the Plaintiff's settlement?

III. Do the Department's regulations violate the Constitution's doctrine of separation of powers, in that they exceed the authority delegated by the Wyoming Legislature, such that an agency of the executive branch is encroaching on the legislative branch?

Appellee, the Department of Health, Division of Health Care Financing (the Department), states the issues as:

I. Does the Department of Health, Division of Health Care Financing have the right to recover against proceeds of a settlement for medical claims it paid on behalf of a Medicaid recipient under Wyo. Stat. §§ 42–4–201 et seq.?

II. Did the district court correctly order settlement proceeds to the Division of Health Care Financing in accordance with Wyo. Stat. §§ 42–4–201, 42–4–202, and Medicaid Rules, Chapters 4 and 35?

III. Are duly promulgated agency rules regarding third party liability and Medicaid benefit recovery unconstitutional because they violate the separation of powers doctrine?

## II. FACTS

Cargill was burned by a home health care provider employed by St. John's Hospital Home Care Services (St.John's). Medicaid paid the expenses of Cargill's medical treatment for her burns. Cargill filed a complaint against the health care provider and St. John's, and entered into settlement negotiations with them. Under the terms of the settlement reached, $70,000.00 was to be placed in a special needs trust for Cargill's benefit during her life, with the Department as remainderman. The settlement terms also provided that, in the event the trust was not established, the $70,000.00 was to be paid to Cargill immediately, "subject to the Medicaid lien claimed or which may be claimed by the State of Wyoming * * *."

Cargill and St. John's sought approval of their settlement agreement from the district court, and a hearing was scheduled. At this juncture, the Wyoming Attorney General was notified, for the first time, of Cargill's complaint and the settlement negotiations. The attorney general was invited to participate in the hearing to approve the proposed settlement.[1] The Department moved to intervene in the case, seeking disapproval of the special needs trust. The complaint in intervention also alleges that the Department paid $13,-579.69 for medical services related to Cargill's burns. Intervention was granted over Cargill's objection.

---

1. From the time the Department sought to intervene, through appellate briefs and oral argument to this court, Cargill's refrain has been that the Department was dilatory in dealing with this case and should recover nothing due to its failure to "jump through the hoops." We bring to counsel's attention Wyo. Stat. § 42–4–201(b) (1997), which states in part:

The department *shall be served* * * * with a copy of the complaint filed in any suit initiated pursuant to subsection (a) of this section. * * * If there is a settlement * * * the attorney general * * * *shall be made a party* in all negotiations for settlement, compromise or release.

(Emphasis added.) Many of the circumstances of which Cargill complains would have been avoided had counsel complied with this statute.

At the hearing, it was generally conceded that the law does not permit a special needs trust with a Medicaid recipient as lifetime beneficiary and the Department as remainderman. Cargill turned, instead, to argue that the Department should not be reimbursed because it had not filed a lien statement to perfect its lien. Cargill also argued that, even if the Department is entitled to reimbursement without having perfected its lien, Wyoming statutes require that attorney's fees and expenses be deducted from the lien amount, and since Cargill's fees and expenses were higher than the Department's lien, the Department should receive nothing.

The district court found that the special needs trust contemplated in the settlement agreement was not permitted by Wyoming law. The remainder of the settlement was approved. The district court also found that Wyoming statutes and Department rules and regulations require full reimbursement of Medicaid payments from the settlement proceeds, and ordered that the Department be fully reimbursed. Cargill appeals the reimbursement order.

### III. STANDARD OF REVIEW

■■■ The crux of this case is whether Cargill is required to reimburse the Department, out of her $70,000.00 settlement with St. John's, the $13,579.69 Medicaid paid for treatment of her burns. All three of Cargill's arguments against reimbursement require interpretation of statutory provisions enacted to ensure Medicaid benefit recovery when there is a liable third party. "Statutory interpretation is a question of law, so our standard of review is *de novo.* * * * If the conclusion of law is in accordance with the law, we affirm it; if it is not, we correct it." *May v. May,* 945 P.2d 1189, 1191 (Wyo.1997) (*citing Parker Land and Cattle Co. v. Wyoming Game and Fish Com'n,* 845 P.2d 1040, 1042 (Wyo.1993)).

"We endeavor to interpret statutes in accordance with the Legislature's intent. We begin by making an ' "inquiry respecting the ordinary and obvious meaning of the words employed according to their arrangement and connection." ' *Parker Land and Cattle Company v. Wyoming*

*Game and Fish Commission,* 845 P.2d 1040, 1042 (Wyo.1993) (quoting *Rasmussen v. Baker,* 7 Wyo. 117, 133, 50 P. 819, 823 (1897)). We construe the statute as a whole, giving effect to every word, clause, and sentence, and we construe together all parts of the statute *in pari materia.*"

*State ex rel. Wyoming Workers' Safety and Compensation Div. v. Bruhn,* 951 P.2d 373, 376 (Wyo.1997) (*quoting State Dept. of Revenue and Taxation v. Pacificorp,* 872 P.2d 1163, 1166 (Wyo.1994)).

### IV. DISCUSSION

Medicaid is funded jointly by the state and federal governments. Before a state can receive federal appropriations for Medicaid, a state plan must be approved by the federal Health Care Financing Administration. 42 U.S.C. § 1396; 42 C.F.R. § 430. Under federal law, the state plan must include provisions for collecting payments from liable third parties and reimbursement of those payments to Medicaid. States must require recipients to assign to the state any rights to recovery of payment of medical care from a liable third party. This assignment is a condition of eligibility to receive Medicaid benefits. 42 U.S.C. § 1396(k).

Wyoming's compliance with this federal mandate is found at Wyo. Stat. §§ 42–4–201—42–4–208 (1997). Wyo. Stat. § 42–4–201(a) clearly and succinctly reiterates federal law and states the intent of the Wyoming legislature:

If a recipient covered by this chapter receives an injury under circumstances creating a legal liability in some third party, the recipient shall not be deprived of any medical assistance for which he is entitled under this chapter. He may also pursue his remedy at law against the third party. *If the recipient recovers from the third party in any manner, including judgment, compromise, settlement or release, the state is entitled to be reimbursed for all payments made, or to be made, on behalf of the recipient under this chapter.*

(Emphasis added.) There can be no clearer statement that Wyoming's legislature intend-

ed the Department be fully reimbursed for Medicaid payments made on behalf of a recipient who recovers those payments from a liable third party.

The statutes give the Department three methods for achieving reimbursement. Wyo. Stat. § 42–4–202 provides for a lien against the recipient's recovery. Wyo. Stat. § 42–4–204 makes the Department subrogated to the recipient's right of recovery and also grants the Department an assignment of "any entitlements from * * * a claim or action against any responsible third party for medical services, not to exceed the amount expended by the department * * *."

In her first issue, Cargill argues that the Department cannot be reimbursed unless it files and perfects a lien as permitted by Wyo. Stat. § 42–4–202, which states in part:

> (a) When the department provides, pays for or becomes liable for medical care, it shall have a lien for the cost of the medical assistance provided upon any and all causes of action which accrue to the person to whom the care was furnished, or to the person's legal representatives, as a result of the injuries which necessitated the medical care.
>
> (b) The department *may* perfect and enforce its lien by following the procedures set forth in .W.S. 29–1–301 and 29–1–302 * * *.

(Emphasis added.)

■ Almost completely ignoring Wyo. Stat. § 42–4–204, Cargill contends that, since the Department did not file a lien statement, she is not required to reimburse the payments made to treat her injuries. The Department counters that it chose not to perfect and enforce its lien, preferring in this case to rely upon the statutory assignment of benefits found in Wyo. Stat. § 42–4–204(a), and detailed in Chapters 4 and 35 of the Department's rules and regulations. These statutes and rules provide for an automatic assignment of benefits upon application for Medicaid. This assignment is a condition of eligibility for receiving benefits, and is mandated by federal law.

Cargill's assertion that perfecting its lien is the Department's only avenue for reimbursement is easily refuted by the plain language of Wyo. Stat. § 42–4–202(b). Clearly, perfecting and enforcing the Department's lien is optional. There may be circumstances in which perfecting a lien is in the Department's best interest, and is a prudent course. Here, as is undoubtedly true in most instances, it was not necessary. Statutorily, Cargill assigned to the Department her right to receive payment for medical care from a third party when she applied for Medicaid benefits. As between Cargill and the Department, this assignment is sufficient to ensure reimbursement to the state. Cargill's first argument is without merit.

Cargill next argues that the Department's recovery should be reduced by the full amount of her attorney's fees and litigation costs, which are greater than $13,579.69, leading to a zero recovery. She relies upon Wyo. Stat. § 42–4–202(f), which provides:

> Upon any judgment, award or settlement of an action under this section, or any part of it, *upon which the department has filed its lien*, an attorney may collect fees and expenses incurred, in an amount and in a manner which shall be established by department rule and regulation. The department's lien shall be reduced by the attorney's fees and expenses authorized pursuant to this section.

(Emphasis added.)

■ This statute plainly applies only when the Department has exercised its option to file a lien statement. Here, since the Department did not file a lien, this section does not apply to Cargill's case and could not have been violated.[2] The appropriate method for addressing the payment of attorney's fees and costs in this case is found in Chapter 35, Section 8 of the Department's rules and regulations:

> (d) Amount of the Department's recovery.
> Except as provided in paragraph (ii),

---

**2.** Cargill's reply brief introduces the argument that principles of equity require the Department to pay a pro rata share of the attorney's fees, rather than receiving a "free ride" from her efforts. Since this argument is not a response to new issues in appellee's brief, we will leave consideration of this issue to another case. *See* W.R.A.P. 7.03.

the Department shall recover the full amount of Medicaid funds paid to or on behalf of the recipient because of the injury, illness or disability involved in the cause of action.

(i) If the recipient's net recovery is greater than or equal to the Medicaid funds paid to or on behalf of the recipient, the Department shall recover the full amount of the Medicaid funds.

\* \* \*

(e) Determination of recipient's net recovery. The recipient's net recovery shall be:

(i) The recipient's gross recovery, minus

(ii) The necessary costs incurred in pursuing the judgment or settlement, minus

(iii) Attorney's fees not to exceed one-third of the amount determined by subtracting (ii) from (i).

These rules and regulations, which are promulgated pursuant to Wyo. Stat. § 42-4-104(a) (1997), give preference to attorney's fees and litigation expenses, providing Medicaid reimbursement only after payment of fees and costs. Here, Cargill's gross recovery of $70,000.00, minus costs and attorney's fees, leads to a net recovery greater than the amount of Medicaid funds paid on her behalf. The district court correctly ruled that the Department is entitled to full reimbursement, after Cargill's attorney's fees and costs are paid.

■ Cargill's last argument raises a constitutional separation of powers claim. She asserts that Wyo. Stat. § 42-4-202(f) requires the Department to adopt rules and regulations establishing a procedure for payment of attorney's fees and litigation expenses which are deducted from the Department's lien. Since Chapter 35, Section 8 of the Department's rules and regulations requires the fees and expenses to be deducted from the recipient's recovery, not the Medicaid lien, Cargill asserts that the Department, as part of the executive branch of Wyoming's government, has overstepped the statutory authority it received from the legislature.

We have already determined that Wyo. Stat. § 42-4-202(f) is not at issue in this case. It is not appropriate, therefore, to consider whether the Department's rules and regulations are constitutionally sound. We will leave further analysis of Wyo. Stat. § 42-4-202(f) and the applicable rules and regulations to another case. *See Brad Ragan Tire Co. v. Gearhart Industries*, 744 P.2d 1125, 1126 (Wyo.1987) (supreme court will not issue what amounts to an advisory opinion).

## V. CONCLUSION

Cargill has put forth tremendous effort to deny the Department reimbursement for the medical expenses paid on her behalf. Her settlement with St. John's includes the amount of those expenses, and clearly recognizes that the Department is entitled to reimbursement. We are sympathetic to Cargill's plight and understand her need for future medical attention unrelated to this case. However, she has received medical treatment paid for by Medicaid, and she has also received from St. John's the money to pay for that treatment. To allow her to avoid reimbursing the Department would not only result in a windfall to Cargill, it would violate both state and federal law.

The statutes at issue are plain and unambiguous. The district court did not err in its interpretation of these statutes, and, accordingly, we affirm the district court's order.