Donna KIRBY, Appellant (Plaintiff),

v.

NMC/CONTINUE CARE, Appellee (Defendant).

No. 98–69.

Supreme Court of Wyoming.

Dec. 21, 1999.

Representing Appellant: Jeffrey C. Gosman of Gosman Law Office, Casper, WY. Argument by Mr. Gosman.

Representing Appellee: Thomas F. Reese of Brown, Drew, Massey & Sullivan, Casper, WY. Argument by Mr. Reese.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN, and TAYLOR,* JJ.

LEHMAN, Chief Justice.

NMC Continue Care (NMC) provided Donna Kirby (Kirby) with a customized wheelchair; but, because the chair did not meet the required specifications, Kirby rejected it. After NMC refused to refund the purchase price or to cure the chair's defects, Kirby filed suit against NMC asserting both contract and negligence claims. NMC moved for summary judgment, which the trial court granted. The primary issue on appeal is whether Kirby can recover the amount paid on the contract even though Medicaid paid for the wheelchair. Because we conclude that Kirby is a buyer under the UCC as adopted in Wyo. Stat. Ann. § 34.1–2–103 (Lexis 1999), we reverse the trial court's finding that Kirby suffered no contract damages.

Affirmed in part, and reversed and remanded in part.

### ISSUES

Kirby presents the following issues for review:

1. Did the district court err in its conclusion that the appellant suffered no contract damages?

2. Does a home health care provider that agrees to provide a custom fitted wheelchair to its patient owe a duty of care that would support an action for negligence? NMC rephrases the issues:

1. Was there a material question of fact which would have prevented summary judgment on the contract issues?

2. Was there cogent authority to support a claim of negligence independent of the duty imposed by contract?

### FACTS

Starting in 1995, NMC provided Donna Kirby with in-home nursing care services. Shortly thereafter, Kirby, missing a leg and without a functional prosthetic device, needed a new wheelchair. In the fall of 1995, Kirby, a Medicaid recipient, received a prescription for a new wheelchair and contracted with NMC for a custom wheelchair. Kirby requested that the wheelchair be light enough for her to lift and small enough to fit through the doorways of her house. An NMC employee visited Kirby at home to take the appropriate measurements. However, the chair NMC delivered was too heavy and would not fit through Kirby's doorways. Kirby rejected delivery of the wheelchair by stating, "[t]hat's not my chair." Meanwhile, Medicaid submitted partial payment for the wheelchair to NMC, which NMC still possesses. Kirby filed suit on June 6, 1997, claiming: conversion, negligence, breach of contract, and breach of warranty.[1] NMC moved for summary judgment, which the trial court granted on January 15, 1998.

### STANDARD OF REVIEW

 Summary judgment is appropriate if no genuine issues of material fact exist and the prevailing party is entitled to judgment as a matter of law. *Terry v. Pioneer Press, Inc.*, 947 P.2d 273, 275 (Wyo.1997); W.R.C.P. 56(c). Where the case only involves questions of law, summary judgment allows parties to forgo a formal trial. *England v. Simmons*, 728 P.2d 1137, 1141 (Wyo.1986). "We review a grant of summary judgment deciding a question of law *de novo* and afford

---

* Retired November 2, 1998.

1. Kirby dropped the conversion claim following NMC's answer.

no deference to the district court's ruling." *Blagrove v. JB Mechanical, Inc.,* 934 P.2d 1273, 1275 (Wyo.1997).

### DISCUSSION

#### Breach of Contract

NMC disputes the existence of a contract, but argues that even if a contract existed, Kirby suffered no damages and is not entitled to any relief. The trial court agreed, stating: "Plaintiff cannot recover on the contract because she did not suffer any contract damages."

■ A contract for the sale of goods is governed by the Uniform Commercial Code (UCC) as adopted in Wyo. Stat. Ann. §§ 34.1–2–101 through –725 (Lexis 1999). To evaluate whether Kirby suffered any contract damages, we must first determine whether Kirby is a buyer under the UCC. Wyo. Stat. Ann. § 34.1–2–103(a)(i) (Lexis 1999) defines a buyer as "a person who buys or contracts to buy goods[.]" Article 2 of the UCC expands traditional contract law. 1 James J. White & Robert S. Summers, *Uniform Commercial Code* § 1–2 (4th ed.1995). Kirby contracted with NMC to buy a custom wheelchair, paid for with her Medicaid benefits. Kirby chose to allocate her limited Medicaid benefits to purchase the wheelchair from NMC and, thus, provided consideration for the wheelchair contract. As the party who contracted to buy the wheelchair and paid for the chair with Medicaid benefits, Kirby qualifies as a buyer under Wyo. Stat. Ann. § 34.1–2–103(a)(i). Under the UCC's definition of a buyer, it is inconsequential that the actual payment came directly from Medicaid and not from Kirby.

The parties do not dispute that Kirby rejected the wheelchair. As a buyer who rightfully rejected the chair, Kirby is entitled to the remedies available in Wyo. Stat. Ann. § 34.1–2–711 (Lexis 1999), which states:

(a) Where ... the buyer rightfully rejects ... with respect to any goods involved, and with respect to the whole if the breach goes to the whole contract (section 34.1–2–612), the buyer may cancel and whether or not he has done so may ... *recover[ ] so much of the price as has been paid*[.]

(Emphasis added.) Following the seller's breach and with proper rejection, the buyer may cancel the contract and recover contract damages by receiving a refund of the amount of the purchase price paid. *Baker v. Wade,* 949 S.W.2d 199, 200 (Mo.App.1997); *Johnson v. General Motors Corp., Chevrolet Motors Div.,* 233 Kan. 1044, 668 P.2d 139, 142 (1983); 1 James J. White & Robert S. Summers, *Uniform Commercial Code* § 8–1.

■ NMC received partial payment from Medicaid. Under Wyo. Stat. Ann. § 34.1–2–711(a), Kirby, as a buyer, is entitled to recover that partial payment. However, this does not necessarily mean that Kirby should receive the refund. When applying for Medicaid benefits, Kirby assigned her right of recovery to Medicaid. Wyo. Stat. Ann. §§ 42–4–201 through –208 (Michie 1997); *Cargill v. State, Dep't of Health, Div. of Health Care Financing,* 967 P.2d 999, 1001 (Wyo.1998). Wyo. Stat. Ann. § 42–4–201(a) (Michie 1997) states, in part:

If the recipient recovers from the third party in any manner, including judgment, compromise, settlement or release, the state is entitled to be reimbursed for all payments made, or to be made, on behalf of the recipient under this chapter.

Consequently, even though Kirby is entitled to recover the amount paid on the contract, she is statutorily required to reimburse Medicaid for the payment made to NMC on her behalf. With such a statutory mandate, and since Medicaid was not joined in this action and is unable directly to receive such payment, Kirby should be ordered to forward the purchase price NMC refunds to her to Medicaid. Our decision is contingent on the assumption that NMC has not already reimbursed Medicaid. If NMC has done so, then Kirby should not recover.

In fashioning this remedy, we are mindful of Wyo. Stat. Ann. § 34.1–1–106(a) (Lexis 1999). That section provides: "The remedies provided by this act [§§ 34.1–1–101 through 34.1–10–104] shall be liberally administered to the end that the aggrieved party may be put in as good a position as if the other party had fully performed." Because our resolution of this issue attempts to put Kirby in as

good a position as if NMC had delivered a conforming wheelchair, we believe it is consistent with the intent of the UCC's drafters. This portion of the trial court's order is reversed and remanded for proceedings consistent with this opinion.

### Breach of Warranty Claims

■ Although neither party explicitly listed the breach of warranty claim in the issues presented for review, both NMC and Kirby devoted a significant portion of their briefs to arguing the issue; and, therefore, it is appropriate to address it. *Allen v. Safeway Stores, Inc.,* 699 P.2d 277, 280–81 (Wyo. 1985). Kirby claims NMC breached express warranties, the implied warranty of merchantability, the warranty of fitness for a particular purpose, and that such breaches caused her personal injury. Under the UCC, a non-breaching buyer's remedy is dictated by whether the buyer has accepted or rejected the goods. 1 James J. White & Robert S. Summers, *Uniform Commercial Code* § 10–1. A buyer who rightfully rejects the goods can pursue a breach of contract action with Wyo. Stat. Ann. § 34.1–2–711 (Lexis 1999).[2] However, only with acceptance may a buyer seek relief with a breach of warranty action. Wyo. Stat. Ann. § 34.1–2–714(a) (Lexis 1999).[3] Additionally, a buyer may seek personal injury damages only in a breach of warranty action under Wyo. Stat. Ann. § 34.1–2–715(b)(ii) (Lexis 1999).

Absent Kirby's acceptance and use of the chair, neither a breach of warranty cause of action nor a request for personal injury damages is appropriate. Both parties agree that Kirby rejected delivery of the wheelchair, and NMC acknowledged such rejection. With rejection, Kirby's relief lies in a breach of contract claim pursuant to sections 711, 712, and 713. The trial court, therefore, properly granted summary judgment in favor of NMC on the breach of warranty claims.

### Negligence

In her negligence claim, Kirby alleged NMC lacked sufficient training to fulfill its duty and carelessly took measurements. In granting summary judgment on the negligence claim, the trial court stated: "[A] breach of a contract does not give rise to a tort action in the absence of some independent legal duty owed by NMC to [Kirby]."

■ We have often declared the elements required for a successful negligence cause of action: the defendant owed a duty to the plaintiff; the defendant breached that duty; the defendant's breach proximately caused the plaintiff's injuries; and the plaintiff was injured. *Anderson v. Duncan,* 968 P.2d 440, 442 (Wyo.1998) (citing *Turcq v. Shanahan,* 950 P.2d 47, 51 (Wyo.1997); *Daily v. Bone,* 906 P.2d 1039, 1043 (Wyo.1995)). To prevail, the plaintiff must prove all four elements of the negligence claim. *Bird v. Rozier,* 948 P.2d 888, 892 (Wyo.1997). When a party seeks damages in tort against the other party to a contract, we have stated the general rule that tort liability can only result when a contracting party has a duty independent of its contractual duties. *JBC of Wyoming Corp. v. City of Cheyenne,* 843 P.2d 1190, 1197 (Wyo.1992) (citing *Preferred Marketing Assoc. Co. v. Hawkeye Nat'l Life Ins. Co.,* 452 N.W.2d 389 (Iowa 1990)). The court must decide if a duty exists as a matter of law. *Hamilton v. Natrona County Educ. Ass'n,* 901 P.2d 381, 384 (Wyo.1995); W. Page Keeton, et al., *Prosser and Keeton on the Law of Torts* § 37 (5th ed.1984).

■ Here, NMC had a contractual duty to deliver a custom wheelchair to Kirby, which obligated NMC to have the requisite proper training and cautiously perform all aspects of procuring the wheelchair. Kirby failed to produce evidence or present legal argument to show that NMC owed any additional legal duty to Kirby beyond its contractual duties. Since Kirby failed to prove an essential element of the negligence claim, the duty, the negligence claim is without merit. The trial

---

**2.** "The *remedies listed here are those available to a buyer who has not accepted the goods* or who has justifiably revoked his acceptance." § 34.1–2–711, cmt. 1. (emphasis added.)

**3.** "This section deals with the *remedies available to the buyer after the goods have been accepted* and the time for revocation of acceptance has gone by." § 34.1–2–714, cmt. 1. (emphasis added.)

court, therefore, correctly granted NMC summary judgment as a matter of law on Kirby's negligence claim.

### CONCLUSION

Under the UCC, as adopted by Wyo. Stat. Ann. § 34.1–2–711(a) (Lexis 1999), Kirby, as a buyer, is entitled to a refund of the purchase price paid to NMC. Since the trial court erred as a matter of law by finding that Kirby suffered no contract damages, we reverse that portion of the trial court's order for proceedings consistent with this opinion. Because Kirby rejected the chair and failed to establish that NMC owed an additional duty beyond its contract duty, the trial court properly granted summary judgment on Kirby's claims for breach of warranty and negligence.

Affirmed in part, and reversed and remanded in part.