Marie FONTAINE, in her official capacity as the County Clerk for Park County, State of Wyoming, Appellant (Petitioner),

v.

BOARD OF COUNTY COMMISSIONERS OF PARK COUNTY, State of Wyoming, Appellee (Respondent).

No. 99–68.

Supreme Court of Wyoming.

April 11, 2000.

Representing Appellant: Joseph E. Darrah and S. Joseph Darrah of Darrah & Darrah, Powell, Wyoming.

Representing Appellee: Bradley D. Bonner, Park County Civil Attorney, Powell, Wyoming.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN, and HILL, JJ.

THOMAS, Justice.

The primary issue in this case is found in the claim by Marie Fontaine (Fontaine), the County Clerk for Park County, that Wyo. Stat. Ann. § 18–3–402(a)(i)(A)—(D) (Lexis 1999) requires her to attend executive sessions of the Board of County Commissioners (the Board) to make minutes and preserve a record of such meetings. A collateral issue is raised concerning the adequacy of public notice by the Board of administrative meetings of the Board with the county staff. The district court ruled that the statute did not require the attendance of Fontaine at executive sessions of the Board, and it also ruled that no detailed agenda need be published of the administrative meetings with the county staff. Although we agree with the decision of the district court that no detailed agenda is required for administrative meetings of the Board with its staff, we are satisfied that the statute, properly construed, requires the attendance of Fontaine at the executive sessions to make minutes and preserve a record of those meetings. The Declaratory Judgment entered in the district court is affirmed in part and reversed in part. The case is remanded to the district court for further proceedings in accordance with this opinion.

This statement of the issues is found in the Brief of Appellant, which was filed on behalf of Fontaine:

a. Whether the county clerk is required to attend all meetings of the county commissioners pursuant to W.S. § 18–3–402(a)(i)(A)—(D) which states that the county clerk shall attend all sessions of the board of county commissioners, record all proceedings of the board, and make regular entries of all the board's resolutions, orders and decisions when the board refuses the county clerk's attendance at executive sessions.

b. Whether the Park County Commissioners violate W.S. § 16–4–401 et seq. when the board has failed to provide adequate notice of meetings pertaining to scheduled discussions, deliberations and consultations related to matters of public business.

This Statement of the Issues is found in the Brief of Appellee, filed for the Board:

1. Whether the District Court properly granted summary judgment, ruling that the Park County Board of County Commissioners may exclude any person, including the County Clerk, from its executive sessions.

2. Whether the District Court properly granted summary judgment, ruling that the Park County Board of County Commissioners is not required to publish detailed notice of meeting agendas

where only "day to day" administrative activity is being conducted.

The Board is the governing body of Park County, and is an agency within the definition set forth in the Wyoming Public Meetings Act, Wyo. Stat. Ann. §§ 16–4–401 through 16–4–407 (Lexis 1999).[1] The Board holds three types of meetings: regular meetings, staff meetings, and executive sessions. Regular meetings take place each Tuesday, and are open to the public. A Commissioners' Agenda is available to the public and the media in advance of each regular meeting. Staff meetings are generally held on Tuesdays before the regular meetings; they are open to the public, but the matters to be addressed are not included on the Commissioners' Agenda or any other document provided to the public. Executive sessions are open only to Board members and their invitees.

Fontaine began serving as the elected County Clerk of Park County in 1979, and was the County Clerk at the time she commenced this action. Earlier in her tenure as County Clerk, Fontaine had attended all types of meetings the Board held for the purpose of taking the minutes. At some point, however, the Board decided that minutes of its executive sessions were not required, and Fontaine was informed that she no longer would be required or even permitted to attend executive sessions. Following that advice, no minutes of either staff meetings or executive sessions are taken or kept by the Board.

Fontaine requested access to the executive sessions, but her request was denied. She filed this complaint on February 24, 1998, seeking a declaratory judgment that, by statute, she is required to, and therefore must be allowed to, attend and record all meetings and proceedings of the Board. She further sought a declaration that all meetings involving public matters must be open to the public and must be publicized in advance, including sufficiently descriptive agendas of staff meetings and executive sessions. The Board

moved for, and received, a summary judgment in its favor. Fontaine filed a timely appeal to this Court.

■ When this Court reviews a summary judgment denying a petition for a declaratory judgment, we invoke our usual standard for review of summary judgments. *Board of County Com'rs v. Geringer*, 941 P.2d 742, 745 (Wyo.1997); *Kunard v. Enron Oil & Gas Co.*, 869 P.2d 132, 134 (Wyo.1994). The summary judgment can be sustained only when no genuine issues of material fact are present and the moving party is entitled to judgment as a matter of law. W.R.C.P. 56; *Kirby v. NMC/Continue Care*, 993 P.2d 951, 952 (Wyo.1999); *Selby v. Conquistador Apartments, Ltd.*, 990 P.2d 491, 494 (Wyo. 1999); *Roberts v. Klinkosh*, 986 P.2d 153, 155 (Wyo.1999); *Century Ready–Mix Co. v. Campbell County School Dist.*, 816 P.2d 795, 798 (Wyo.1991). The court must consider the record in the light most favorable to the party opposing the motion, and give to that party the benefit of all favorable inferences that fairly may be drawn from the record. *Snyder v. Lovercheck*, 992 P.2d 1079, 1083 (Wyo.1999) (*quoting 40 North Corp. v. Morrell*, 964 P.2d 423, 426 (Wyo.1998)); *Selby*, 990 P.2d at 494; *Bluejacket v. Carney*, 550 P.2d 494, 497 (Wyo.1976). In this instance, there is no contention that any genuine issue of material fact exists, and our concern is strictly with the application of the law. Questions of application of the law, including identification of the correct rule, are considered *de novo. Kirby*, 993 P.2d at 952. If the summary judgment can be affirmed under any proper legal theory presented in the record, we will do so. *In re HC*, 983 P.2d 1205, 1209 (Wyo.1999); *Century Ready–Mix Co.*, 816 P.2d at 799 (citing *Reeves v. Boatman*, 769 P.2d 917, 918 (Wyo.1989)).

■ On the first issue, Fontaine argues that Wyo. Stat. Ann. § 18–3–402(a)(i) establishes her position that the county clerk must attend and record all meetings of the Board,

---

1. Wyo. Stat. Ann. § 16–4–402(a)(ii) reads:
 "Agency" means any authority, bureau, board, commission, committee, or subagency of the state, a county, a municipality or other political subdivision which is created by or pursuant to the Wyoming constitution, statute or ordinance, other than the state legislature and the judiciary[.]

including executive sessions. The statute provides, in the part pertinent to this case:

(a) The county clerk shall:

(i) Act as clerk to the board of county commissioners and as such shall:

(A) Attend all sessions of the board of county commissioners either in person or by deputy;

(B) Keep the seal, records and papers of the board of county commissioners;

(C) Record in a book provided for that purpose all proceedings of the board;

(D) Make regular entries of all the board's resolutions, orders and decisions in all questions coming before it;

(E) Sign all orders issued by the board for the payment of money and preserve and file all accounts acted upon by the board with a memorandum of its action thereon;

(F) Perform other duties as required by the board of county commissioners.

The plain language of that statute, with nothing else, would clearly require the clerk's attendance at all Board proceedings. Fontaine further supports her position with the following language from one of the provisions in the Wyoming Public Meetings Act, Wyo. Stat. Ann. § 16–4–403(c), providing for minutes:

(c) Minutes of a meeting:

(i) Are required to be recorded but not published from meetings when no action is taken by the governing body;

(ii) Are not required to be recorded or published for day-to-day administrative activities of an agency.

The Board relies on the "[e]xecutive session" portion of the Wyoming Public Meetings Act, Wyo. Stat. Ann. § 16–4–405, which authorizes agencies to hold executive sessions not open to the public, when specific confidential or sensitive matters are to be considered. That statute provides:

(a) A governing body of an agency may hold executive sessions not open to the public:

(i) With the attorney general, county attorney, district attorney, city attorney, sheriff, chief of police or their respective deputies, or other officers of the law, on matters posing a threat to the security of public or private property, or a threat to the public's right of access;

(ii) To consider the appointment, employment, right to practice or dismissal of a public officer, professional person or employee, or to hear complaints or charges brought against an employee professional person or officer, unless the employee, professional person or officer requests a public hearing. The governing body may exclude from any public or private hearing during the examination of a witness, any or all other witnesses in the matter being investigated. Following the hearing or executive session, the governing body may deliberate on its decision in executive sessions;

(iii) On matters concerning litigation to which the governing body is a party or proposed litigation to which the governing body may be a party;

(iv) On matters of national security;

(v) When the agency is a licensing agency while preparing, administering or grading examinations;

(vi) When considering and acting upon the determination of the term, parole or release of an individual from a correctional or penal institution;

(vii) To consider the selection of a site or the purchase of real estate when the publicity regarding the consideration would cause a likelihood of an increase in price;

(viii) To consider acceptance of gifts, donations and bequests which the donor has requested in writing be kept confidential;

(ix) To consider or receive any information classified as confidential by law;

(x) To consider accepting or tendering offers concerning wages, salaries, benefits and terms of employment during all negotiations;

(xi) To consider suspensions, expulsions or other disciplinary action in connection with any student as provided by law.

Wyo. Stat. Ann § 16–4–405. The Board contends that its authority to meet in executive session, not open to the public, must be construed to justify its exclusion of the county clerk as the recorder. The policy argument asserted is that the essential purpose of executive sessions, the candid discussion of confidential matters, would be thwarted if the county clerk, a non-Board member, were allowed to attend and record the proceedings.

The core of the issue is the tension between the executive session provision and the enumerated statutory duties of the county clerk, along with the statutory requirement for recorded minutes. The final section of the Wyoming Public Meetings Act succinctly resolves any conflict that might exist between the Board's executive session privilege and the clerk's statutory duty to attend and record. The last provision of the Wyoming Public Meetings Act, Wyo. Stat. Ann. § 16–4–407, directs: "If the provisions of this act conflict with any other statute, the provisions of this act shall control." Therefore, if we determine the executive session provision authorizes the Board to exclude the clerk from executive sessions, her reliance on a conflicting provision that requires her to attend is not persuasive. The threshold issue is whether the Board's statutory right to hold executive sessions in private supports and justifies its disregard of the statutory requirement that minutes be taken at every meeting.

 Since the parties disagree on the meaning and application of the controlling statutes, a review of our rules of statutory construction is apropos:

An issue of statutory interpretation presents a question of law. *Butts v. Wyoming State Bd. of Architects*, 911 P.2d 1062, 1065 (Wyo.1996); *Parker Land & Cattle Co. v. Wyo. Game and Fish Comm'n*, 845 P.2d 1040, 1042 (Wyo.1993). In interpreting statutes, we primarily determine the legislature's intent. *State ex rel. Motor Vehicle Div. v. Holtz*, 674 P.2d 732, 736 (Wyo.1983). If the language is sufficiently clear, we do not resort to rules of construction. *Id.* We apply our general rule that we look to the ordinary and obvi-

ous meaning of a statute when the language is unambiguous. *Parker Land*, 845 P.2d at 1042.

*Kirbens v. Wyoming State Bd. of Medicine*, 992 P.2d 1056, 1060 (Wyo.1999).

We endeavor to interpret statutes in accordance with the Legislature's intent. We begin by making an " 'inquiry respecting the ordinary and obvious meaning of the words employed according to their arrangement and connection.' "

"When the Court determines, as a matter of law, that a statute is clear and unambiguous, it must give effect to the plain language of the statute and should not resort to the rules of statutory construction." ... If, on the other hand, the Court determines that a statute is ambiguous, it may use extrinsic aids of statutory interpretation to help it determine the legislature's intent.

*State ex rel., Wyoming Workers' Safety and Compensation Division v. Bruhn*, 951 P.2d 373, 376 (Wyo.1997) (quoting *State Department of Revenue and Taxation v. Pacificorp*, 872 P.2d 1163, 1166 (Wyo. 1994), and quoting *Lancto v. City of Rawlins*, 892 P.2d 800, 802–03 (Wyo.1995), respectively) (citations omitted).

*Felix v. State ex rel. Wyoming Workers' Safety and Compensation Div.*, 986 P.2d 161, 163 (Wyo.1999).

In interpreting statutes, our primary consideration is to determine the legislature's intent. *State ex rel. Motor Vehicle Div. v. Holtz*, 674 P.2d 732, 736 (Wyo. 1983). All statutes must be construed in pari materia; and in ascertaining the meaning of a given law, all statutes relating to the same subject or hav[ing] the same general purpose must be considered and construed in harmony. *Id.* at 735. *Holtz* explained our statutory construction rules:

"If the language is sufficiently clear, there is no need to resort to rules of construction. When the language is not clear or is ambiguous, the court must look to the mischief the statute was intended to cure, the historical setting surrounding its enactment, the public policy

of the state, the conclusions of law, and other prior and contemporaneous facts and circumstances, making use of the accepted rules of construction to ascertain a legislative intent that is reasonable and consistent."

*Holtz,* 674 P.2d at 736.

*Peterson v. Wyoming Game and Fish Com'n,* 989 P.2d 113, 118 (Wyo.1999).

Recently, in *Flores v. Flores,* 979 P.2d 944, 946 (Wyo.1999), we discussed the standard of review for questions of statutory interpretation:

"Statutory interpretation is a question of law, so our standard of review is *de novo* .... If the conclusion of law is in accordance with the law, we affirm it; if it is not, we correct it." *May v. May,* 945 P.2d 1189, 1191 (Wyo.1997) (citing *Parker Land and Cattle Co. v. Wyoming Game and Fish Comm'n,* 845 P.2d 1040, 1042 (Wyo. 1993)).

"We endeavor to interpret statutes in accordance with the Legislature's intent. We begin by making an 'inquiry respecting the ordinary and obvious meaning of the words employed according to their arrangement and connection.' *Parker Land and Cattle Company v. Wyoming Game and Fish Comm' n,* 845 P.2d 1040, 1042 (Wyo.1993) (quoting *Rasmussen v. Baker,* 7 Wyo. 117, 133, 50 P. 819, 823 (1897)). We construe the statute as a whole, giving effect to every word, clause, and sentence, and we construe together all parts of the statute in pari materia."

*Cargill v. State, Dept. of Health, Div. of Health Care Financing,* 967 P.2d 999, 1001 (Wyo.1998) (quoting *Wyoming Workers' Safety and Compensation Div. v. Bruhn,* 951 P.2d 373, 376 (Wyo.1997)).

The legislature enacted the provisions of the Wyoming Public Meetings Act during the same legislative session, and thus they are considered to be in pari materia. *Murray v. State,* 855 P.2d 350, 358 (Wyo.1993), *cert. denied,* 510 U.S. 1045, 114 S.Ct. 693, 126 L.Ed.2d 660 (1994). Our mandate is to harmonize them and, to the extent possible, give effect to each one. *Id.* at 358. The Wyoming Public Meetings Act provides for open meetings and minutes of meetings in this language:

(a) All meetings of the governing body of an agency are public meetings, open to the public at all times, except as otherwise provided. No action of a governing body of an agency shall be taken except during a public meeting following notice of the meeting in accordance with this act. Action taken at a meeting not in conformity with this act is null and void and not merely voidable.

\* \* \*

(c) Minutes of a meeting:

(i) Are required to be recorded but not published from meetings when no action is taken by the governing body;

(ii) Are not required to be recorded or published for day-to-day administrative activities of an agency.

Wyo. Stat. Ann § 16–4–403. The only specified exception from the requirement that minutes be recorded at meetings is for day-to-day administrative matters. "Meeting" is defined in Wyo. Stat. Ann. § 16–4–402(a)(iii):

"Meeting" means an assembly of at least a quorum of the governing body of an agency which has been called by proper authority of the agency for the purpose of discussion, deliberation, presentation of information or taking action regarding public business[.]

The scope of this definition captures executive sessions as they are provided for in Wyo. Stat. Ann. § 16–4–405. Although no action can be taken by an agency in an executive session (Wyo.Stat.Ann. § 16–4–403(a)), the provision relating to minutes, Wyo. Stat. Ann. § 16–4–403(c), unambiguously requires that minutes of executive sessions be taken but not published.

The Board contends that it must be allowed to exclude the clerk and dispense with minutes in order to ensure that candid discussion in executive sessions is not chilled by the prospect of discovery. The Board supports that contention only with citations to authorities on parliamentary procedure. If that is the concept the legislature intended to capture, the legislature must be asked to

reconsider the Wyoming Public Meetings Act. Our function is not to rewrite the statute, but to determine what the statute, as worded, actually means. We discern a clear statutory mandate for minutes to be taken at all meetings, and we will not resort to extrinsic aids of construction or public policy arguments to create an exception to that requirement for executive sessions. The district court's declaratory judgment on this issue is reversed.

 In arguing her second claim of error, Fontaine contends the district court erred when it declared the Board was not required to publish detailed agendas of its staff meetings because only day-to-day administrative matters are addressed. In its order, the district court noted, "[a]ccording to the Board 'staff meetings' are used to discuss 'day-to-day administrative' matters." Although it did not specifically say so, the district court apparently accepted that statement as true. The district court declared, "[t]he Board is not required to publish detailed notice of meeting agendas where only 'day-to-day' administrative activity is being conducted." The taking of minutes for such meetings specifically is excepted from Wyo. Stat. Ann. § 16–4–403(c)(ii).

 In her appellate brief, Fontaine boldly asserts:

> When the Court examines the supporting exhibits, it is apparent that the discussions at staff meetings and work sessions go well beyond "discussing the day to day administrative activities of the agency" as mentioned in W.S. § 16–4–404(e). * * * The fact remains, however, that the scheduled discussions at staff meetings go well beyond day-to-day administrative activities. They often include deliberations and discussions pertaining to important public matters.

She goes on to state:

> Contrary to the Commissioners' position, the staff meetings and work sessions have a primary purpose of discussing public business such as public access, landfill issues, policy on recordation of deeds, vacating of real property, subdivisions and bud-

get hearing formats, among many other topics.

These assertions, however, are not accompanied by citations to any part of the record, or any explanation of how the topics listed are anything but day-to-day administrative activities. Unsupported assertions do not suffice to sustain the burden of a non-moving party to demonstrate a genuine issue of material fact, and they will not suffice to persuade this Court to reverse a summary judgment entered in the district court. This is particularly true when statutory language is as clear as it is in this instance.

Affirmed in part, reversed in part, and remanded for entry of a judgment consistent with this opinion.