STATE of Wyoming, ex rel., DEPART-MENT OF HEALTH, DIVISION OF HEALTH CARE FINANCING, Appellant (Plaintiff),

v.

DAIRYLAND INSURANCE COMPANY, a Wisconsin corporation, and Billy Joe Wright, Appellees (Defendants).

No. 99–331.

Supreme Court of Wyoming.

Aug. 29, 2000.

Representing Appellant: Gay Woodhouse, Wyoming Attorney General; Michael L. Hubbard, Deputy Attorney General; Gregory A. Phillips and Matthew H. Mead, Special Assistant Attorneys General.

Representing Appellee: Ann M. Rochelle of Williams, Porter, Day & Neville, P.C., Casper, Wyoming.

Before LEHMAN, C.J., and THOMAS, MACY,\* GOLDEN, and HILL, JJ.

GOLDEN, Justice.

The primary issue in this appeal is whether the State is entitled to recover Medicaid benefit payments from a third-party settlement occurring before the applicant is ruled eligible for Medicaid benefits. Appellant Department of Health, Division of Health Care

\* Retired June 2, 2000.

Financing (State) paid Medicaid benefits and then sought recovery for those benefits from Appellee Dairyland Insurance Company and their insured, Billy Joe Wright. The district court granted summary judgment to Dairyland Insurance Company, denied the State's motion for summary judgment, and dismissed the complaint against Wright.

We affirm the order of the district court.

## ISSUES

The State presents these issues for our review:

I. Did the district court err in denying the state's claim for third-party reimbursement under Wyoming's Medicaid Statutes?

II. Did the district court err in dismissing the claim for relief against Billy Joe Wright?

Dairyland states the sole issue as:

Was the district court correct in granting Dairyland's Motion for Summary Judgment, denying the State's Motion for Summary Judgment and dismissing the State's Complaint as the State was not entitled to third-party reimbursement under the Wyoming Medical and Assistance Service Act, Wyo. Stat. § 42–4–101 through § 42–4–207 (1994 ed.)?

## FACTS

On January 20, 1994, Sylvia Knapp (Knapp) was seriously injured when she was struck by a vehicle driven by the insured of Dairyland, Billy Joe Wright. The parties have stipulated that she applied for Supplemental Social Security Income (SSI) in February of 1994, and that approval for SSI automatically made her eligible for Medicaid, a federal program that provides medical benefits. On May 23, 1994, while represented by an attorney, Knapp signed a "Release Of All Claims" and settled her case against Wright for the policy limits of $25,000 in damages and for $5,000 under the policy's medical benefits.

Knapp was determined to be eligible for SSI on July 26, 1994, and eligible for Medicaid on August 8, 1994, under the Wyoming Medicaid Program. Her eligibility was made retroactive to February 1, 1994, and in August and October of 1994, Wyoming Medicaid paid over $12,000.00 in medical assistance on Knapp's behalf. On December 14, 1994, Consultec, Inc., the State's agent, contacted Dairyland about the settlement and was advised of the settlement amount and told that the settlement was not for medical expenses, but for general damages such as pain and suffering.[1]

In 1999, the State filed suit against Dairyland for reimbursement of its Medicaid expenditures. The suit included a claim for relief against Wright, but he was never served. Summary judgment was granted in favor of Dairyland, and the claim against Wright was dismissed with prejudice. This appeal followed.

## DISCUSSION

### Standard of Review

■ Summary judgment is appropriate if no genuine issues of material fact exist and the prevailing party is entitled to judgment as a matter of law. *Terry v. Pioneer Press, Inc.,* 947 P.2d 273, 275 (Wyo.1997); W.R.C.P. 56(c). Where the case only involves questions of law, summary judgment allows parties to forgo a formal trial. *England v. Simmons,* 728 P.2d 1137, 1141 (Wyo.1986). "We review a grant of summary judgment deciding a question of law *de novo* and afford no deference to the district court's ruling." *Blagrove v. JB Mechanical, Inc.,* 934 P.2d 1273, 1275 (Wyo.1997).

*Kirby v. NMC/Continue Care,* 993 P.2d 951, 952–53 (Wyo.1999)

■ The State contends that it is entitled to recover from Dairyland under the Wyoming Medical Assistance and Services Act, Wyo. Stat. Ann. §§ 42–4–101 through 42–4–208.

---

1. Whether this categorization is appropriate for purposes of Medicaid reimbursement is not at issue.

Statutory interpretation is a question of law, so our standard of review is *de novo*. If the conclusion of law is in accordance with the law, we affirm it; if it is not, we correct it. We endeavor to interpret statutes in accordance with the Legislature's intent. We begin by making an inquiry respecting the ordinary and obvious meaning of the words employed according to their arrangement and connection. We construe the statute as a whole, giving effect to every word, clause, and sentence, and we construe together all parts of the statute *in pari materia*.

*Cargill v. State, Dept. of Health, Div. of Health Care Financing*, 967 P.2d 999, 1001 (Wyo.1998) (citations and quotations omitted).

### Wyoming Medical Assistance and Services Act

■ Conceding that Knapp was not a recipient of Medicaid at the time of the settlement, the State nevertheless contends that, under both federal and state law, Dairyland had a duty to notify it of the settlement because Knapp was a recipient at the time that the State was seeking reimbursement. We have previously described the Medicaid program:

Medicaid is funded jointly by the state and federal governments. Before a state can receive federal appropriations for Medicaid, a state plan must be approved by the federal Health Care Financing Administration. 42 U.S.C. § 1396; 42 C.F.R. § 430. Under federal law, the state plan must include provisions for collecting payments from liable third parties and reimbursement of those payments to Medicaid. States must require recipients to assign to the state any rights to recovery of payment of medical care from a liable third party. This assignment is a condition of eligibility to receive Medicaid benefits. 42 U.S.C. § 1396(k).

Wyoming's compliance with this federal mandate is found at Wyo. Stat. §§ 42–4–201—42–4–208.... Wyo. Stat. § 42–4–201(a) clearly and succinctly reiterates federal law and states the intent of the Wyoming legislature:

If a recipient covered by this chapter receives an injury under circumstances creating a legal liability in some third party, the recipient shall not be deprived of any medical assistance for which he is entitled under this chapter. He may also pursue his remedy at law against the third party. If the recipient recovers from the third party in any manner, including judgment, compromise, settlement or release, the state is entitled to be reimbursed for all payments made, or to be made, on behalf of the recipient under this chapter.

There can be no clearer statement that Wyoming's legislature intended the Department be fully reimbursed for Medicaid payments made on behalf of a recipient who recovers those payments from a liable third party.

*Cargill*, 967 P.2d at 1001–02.

### Statutory Notification Obligations

"Upon signing an application for medical assistance ..., an applicant assigns to the department any right to medical support or payment for medical expenses.... The assignment is effective upon a determination of eligibility...." Wyo. Stat. Ann. § 42–4–106(b) (Michie 1994). When a recipient of Medicaid benefits recovers from a third party as specified by statute, the State is entitled to be reimbursed for payments made or to be made. Wyo. Stat. Ann. § 42–4–201(a) (Michie 1994). "Recipient" is defined as "any person receiving benefits under programs provided pursuant to this title." Wyo. Stat. Ann. § 42–1–101(a)(v) (Michie 1994).

The statutes give the Department three methods for achieving reimbursement. Wyo. Stat. § 42–4–202 provides for a lien against the recipient's recovery. Wyo. Stat. § 42–4–204 makes the Department subrogated to the recipient's right of recovery and also grants the Department an assignment of "any entitlements from * * * a claim or action against any responsible third party for medical services, not to exceed the amount expended by the department * * *."

*Cargill*, 967 P.2d at 1002. In this case, the State informs us that it is not relying on a

lien theory for reimbursement but is instead relying upon its statutory subrogation and assignment rights.

■ The obligation and method of providing notice is provided for in Wyo. Stat. Ann. § 42–4–202(d) (Michie 1994), which states:

(d) The department shall be given notice of monetary claims against a person, firm or corporation that may be liable to pay part or all of the cost of medical care when the department has paid or become liable for the cost of that care. Notice shall be given as follows:

(i) **Applicants** for medical assistance shall notify the state or local agency of any possible claims when they submit the application. **Recipients** of medical assistance shall notify the department of any possible claims when those claims arise. A recipient's noncooperation in providing information to the department to assist in pursuing liable third parties shall result in denial or termination of eligibility per federal law;

(ii) **An enrolled medicaid provider** shall notify the department when the person has reason to believe that a third party may be liable for payment of the cost of medical care. If the person providing medical care services fails to notify the department when a third party is liable for payment of the cost of medical care and the department, because of lack of notice from the provider, does not receive reimbursement for the cost of medical care, the department may adjust the value of those claims from future payments to that provider;

(iii) **An attorney representing a recipient** of medical assistance in a claim upon which the department may be entitled to a lien under this section shall notify the department of its potential lien claim before filing a claim, commencing an action, or negotiating a settlement. Any attorney who knowingly fails to notify the depart-

ment of any settlement or knowingly fails to ensure the state is reimbursed, to the extent of the lien, from the proceeds of any settlement or judgment under this section shall be reported to the state board of professional responsibility for the Wyoming state bar.[2]

(emphasis added). The language of the 1994 statute plainly limits notice obligations to the applicant and the Medicaid provider when either has reason to believe a third-party may be liable, and obligates a recipient and the recipient's attorney to notify the State of third-party claims and payments. Knapp was an applicant and not a recipient at the time that she settled with Dairyland, her assignment was not effective until she was ruled eligible for benefits, and the statute did not obligate the insurer to provide notice of the settlement to the State. As the district court determined, after the settlement when Knapp was ruled eligible for benefits and her assignment of rights became effective, Dairyland no longer had any legal liability to her and was not required to notify the attorney general of the signed release.

■ The State contends, however, that an insurer's responsibility to notify the State arises not from the above section, but from the statutory requirement that it obtain a signed release from the Wyoming Attorney General. Wyo. Stat. Ann. § 42–4–201(b) (Michie 1994) states that "the person paying the settlement remains liable to the state's claim unless the state through the attorney general signs the release prior to payment of an agreed settlement." Section 201(a) allows action against a third party by a "recipient" and subsection (b) provides for notice to the State and subrogation in the event that suit is filed or payment made "in any suit initiated pursuant to subsection (a) of this section." Wyo. Stat. Ann. § 42–4–201(b) states:

(b) The department shall be served by certified mail, return receipt requested, with a copy of the complaint filed in any suit initiated pursuant to subsection (a) of

2. By 1999, the statute had been amended to state:

(iv) Insurers shall not disburse any settlement payment for a personal injury claim made to a recipient of medical assistance under this act until seven (7) days after the de-

partment has received written notice of the proposed settlement or judgment and failed to provide a written objection to the insurer. Failure to provide notice under this paragraph shall commence the tolling of any applicable statute of limitations.

this section. Any attorney who knowingly fails to serve the complaint on the department shall be reported to the state board of professional responsibility for the Wyoming state bar. The department shall be notified in writing by certified mail return receipt requested of any judgment, compromise, settlement or release entered into by a recipient. If there is a settlement, compromise or release entered into by the parties the attorney general representing the director shall be made a party in all negotiations for settlement, compromise or release. The department, for purposes of facilitating compromise and settlement, may in a proper case authorize acceptance by the state of less than the state's claim for reimbursement under this section for all current and future assistance under this chapter. Any lien created pursuant to this article shall remain in effect until the state is paid the amount authorized under this section. In addition the person paying the settlement remains liable to the state's claim unless the state through the attorney general signs the release prior to payment of an agreed settlement.

Plainly this section applies to "recipients" and contemplates that the person paying the settlement knows that the State is a party to any negotiations for settlement, compromise, or release. Knapp was not a recipient, and the State was not a party to the negotiations for settlement and release. Dairyland did not have any obligation under this section to notify the State of its settlement with Knapp.

We affirm the district court's order granting summary judgment to Dairyland, and for the reasons just stated affirm the order dismissing with prejudice the suit against Wright.