2008 WY 32

**Zina JASPER, f/k/a Zina Brinckerhoff, Appellant (Plaintiff),**

v.

**Burton Field BRINCKERHOFF, Appellee (Defendant).**

No. S–07–0124.

Supreme Court of Wyoming.

March 24, 2008.

Representing Appellant: Kenneth S. Cohen of Jackson, Wyoming.

Representing Appellee: Douglas J. Mason of Mason & Mason, P.C., Pinedale, Wyoming.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

HILL, Justice.

[¶ 1] Appellant, Zina Jasper (Jasper) filed a complaint on August 4, 2006, seeking to set aside what she deemed a fraudulent conveyance of real property, made by her former husband and Appellee herein, Burton Field Brinckerhoff (Brinckerhoff). Jasper and Brinckerhoff were divorced in the state of New York by decree entered on June 10, 1986. Under the terms of that divorce, Brinckerhoff was to pay Jasper alimony until she remarried or died. In her complaint, Jasper averred that while the two parties were in litigation over past due alimony, as well as attorney's fees awards associated with her efforts to obtain judgments against Brinckerhoff and then to enforce them in Wyoming courts, Brinckerhoff transferred his interest in the home owned by him and his new wife, to his wife as trustee for the Brinckerhoff Family Trust. On March 19, 2007, the district court entered summary judgment in favor of Brinckerhoff. Jasper contends: (1) that there are genuine issues of material fact as to whether or not the transfer, or transfers, made by Brinckerhoff were fraudulent; (2) that the district court erred in concluding that Brinckerhoff was entitled to judgment as a matter of law; and (3) that the district court erred in denying Jasper the opportunity to amend her complaint before entering the summary judgment order. We will affirm the district court's summary judgment order.

## ISSUES

[¶ 2] Jasper states these issues:

1. The district court erred in granting [Brinckerhoff's] Motion for Summary Judgment when material issues of fact exist as to whether Brinckerhoff's conveyance of property to a trust was [a] fraudulent conveyance pursuant to Wyo. Stat. § 34–14–201 et seq.

2. The district court erred in granting [Brinckerhoff's] Motion for Summary Judgment when it held that [he] was entitled to judgment as a matter of law.

3. The district court erred by failing to grant [Jasper] an opportunity to amend her Complaint prior to granting [Brinckerhoff's] Motion for Summary Judgment.

Brinckerhoff rephrases the issues a bit:

1. Did the district court abuse its discretion by not allowing [Jasper] to amend her Complaint?

2. Did the district court err by finding that no material issues of fact surrounded the June 26, 2006 conveyance and by further finding that, as a matter of law, the conveyance should not be set aside?

In her reply brief, Jasper makes two counter arguments:

1. Whether the argument presented by Brinckerhoff in [his] brief regarding the Brinckerhoff Family Trust should be stricken because there is no evidence in the record below to support his argument and it should not be considered on appeal?

2. Is judicial economy achieved if Jasper is required to file separate causes of action for each of the five (5) conveyances between Burt and Sandra Brinckerhoff and their estate, or should the district court have allowed Jasper to amend her Complaint to combine all causes of action in a single proceeding?

## FACTS AND PROCEEDINGS

[¶ 3] On the date the alleged fraudulent conveyance was made (June 26, 2006), the governing statute was the Uniform Fraudulent Conveyance Act. Wyo. Stat. Ann. §§ 34–14–101 through 34–14–113 (LexisNexis 2005). That uniform act was repealed in 2006, and the Uniform Fraudulent Transfer Act was enacted in its stead, effective on July 1, 2006. Wyo. Stat. Ann. §§ 34–14–201 through 34–14–212 (LexisNexis 2007). Jasper's statutory citations are primarily to the act in place at the time she filed her complaint, and Brinckerhoff's and the district court's citations are to the act in force on June 26, 2006. Although there are differences between those two acts, none of the differences plays a role in the resolution of this case. Therefore, our references will be to the current statute. Although the terms "conveyance" and "transfer" are, to some extent, terms of art, they

are used as synonymous by the parties in their papers. For purposes of the disposition of this case, we accept that usage.

[¶ 4] As noted above, Jasper filed her complaint on August 4, 2006. The district court concluded that Jasper did not then have any interest in Brinckerhoff's Jackson home, and that she had at no time ever had any interest in that property. The district court also found that Brinckerhoff was, at the time of these proceedings, not in arrears on his alimony payments, although he had been in arrears on two occasions in the past. Continuing, the district court found:

6. In 2005, [Brinckerhoff] began to do some estate planning. He was 68 years old and retired. As part of this plan [Brinckerhoff] and his wife executed Wills and created the Brinckerhoff Family Trust. The primary asset transferred into the Trust was the Jackson real estate. In the summer of 2006, the Brinckerhoffs obtained a home equity loan to pay off some taxes and to provide for their children's college expenses. As part of the application process, the lender required that the property be briefly transferred from the Trust into the names of Mr. and Mrs. Brinckerhoff, individually. The transfer from the Family Trust to Mr. and Mrs. Brinckerhoff was filed June 14, 2006. On June 26, 2006, immediately after the loan, the property was transferred back into the Family Trust, where it has remained.

It is the last transfer, back into the trust, that Jasper challenged in her complaint. The other transfers outlined above were the subject of Jasper's motion to amend her complaint. Her contention is that the June 26, 2006 transfer, as well as all the others, were done without adequate consideration being paid and with the intent to defraud her. This contention is founded upon Brinckerhoff's previous failures to pay Jasper her alimony on time, as well as a contention that such circumstances might recur in the future.

[¶ 5] The district court then reached these conclusions:

1. [Brinckerhoff] and his wife created the Brinckerhoff Family Trust in 2005 as part of their estate plans. They then transferred their Jackson, Wyoming home into the Trust. They had the right to voluntarily transfer their own property. Mr. and Mrs. Brinckerhoff have the right to transfer their property and it makes good sense for them to do so. In 2005, when the Trust was created and funded, Mr. Brinckerhoff was 68 years old. At that age, estate planning is certainly an acceptable reason to transfer property.

2. If [Jasper] were successful in voiding the June 26, 2006 conveyance to the Brinckerhoff Family Trust, two things could happen and neither of them benefit [Jasper]. 1) The property would revert back to ownership by Mr. and Mrs. Brinckerhoff. This would not benefit [Jasper]. She could not lien or attach the property. 2) [Brinckerhoff] and his wife could execute another Deed the day after the judgment and re-convey the property to the Family Trust. [Jasper] still would have no lien or other interest in the property and could not prevent such a reconveyance.

3. A creditor may secure an attachment lien on property claimed to have been fraudulently conveyed, without first obtaining a judgment, if that creditor has a right to such a judgment, although a decree setting aside the conveyance can not be entered until indebtedness is definitely established by judgment. *Platte County State Bank v. Frantz*, [33 Wyo. 326,] 239 P. 531 (Wyo.1925). Ms. Jasper does not have a judgment which would entitle her to attach [Brinckerhoff's] real property, nor does she have a right to such a judgment. She has not alleged a right to such a judgment.

4. [Jasper] would accomplish nothing by setting aside the June 26, 2006 conveyance. There is no benefit to her even if she succeeded in this action.

5. "In an action to set aside an alleged fraudulent conveyance, plaintiff cannot question the validity of the conveyance in the absence of allegation and proof that he is a creditor of the grantor." *First Nat. Bank of Riverside v. Eastman*, [144 Cal. 487,] 77 P. 1043 (Cal.1904). While [Jasper] is qualified as a creditor of Mr. Brinckerhoff, she is not, nor has she even alleged to

be, a creditor of Mrs. Sandra Brinckerhoff. Both Mr. and Mrs. Brinckerhoff were grantors of the June 26, 2006 conveyance that [Jasper] is challenging. Without being a creditor of both grantors, [Jasper] lacks standing to challenge that conveyance.

6. Wyoming's Fraudulent Conveyance Act is to protect creditors from a debtor divesting himself of all his assets and then being unable to pay the creditor. That is not the case. After transferring his home into his Family Trust, [Brinckerhoff] has remained able to pay [Jasper's] monthly alimony payment. [Jasper] does not have standing to challenge the June 26, 2006 conveyance of the Brinckerhoffs' home back into the Trust. She is not within the protection of the Act. She could not attach the property either before or after the conveyance. Her ability to receive her monthly alimony payments has not been harmed or diminished by the conveyance.

7. Courts set aside conveyances as fraudulent when a creditor has a right to reach the subject asset that was fraudulently conveyed. In *Breitenstine v. Breitenstine*, 2003 WY 16 [¶¶ 18–25], 62 P.3d 587[, 592–94] (Wyo.2003), the husband attempted to place certain assets out of the reach of his wife as they went through a divorce. Those assets were marital assets subject to division by the court as part of the divorce action. In this case, the home in Jackson is not, nor has it ever been, an asset which was subject to any marital asset division with [Jasper]. The home is not an asset that [Jasper] has ever had a right to attach, lien or encumber.

8. [Jasper] has alleged that the June 26, 2006 conveyance to the Trust violated the Fraudulent Conveyance Act. [She] asserts that certain "badges of fraud" were present, indicating that the June 26, 2006 conveyance was fraudulent. When considering the "badges of fraud" it is important to consider the circumstances of the challenged transfer. It would be unrealistic for a court to require Mr. and Mrs. Brinckerhoff to pay full monetary value to their Family Trust on June 12, 2006, when the property was transferred to them and equally unrealistic to require the Family

Trust to pay Mr. and Mrs. Brinckerhoff full monetary value for the re-conveyance 14 days later.

9. One of the badges of fraud is a lack of consideration. [Jasper] has asserted that [Brinckerhoff] did not receive adequate consideration for the conveyance of the real property. While it is true that the Family Trust did not pay monetary consideration to Mr. and Mrs. Brinckerhoff, they did receive consideration. Mr. and Mrs. Brinckerhoff received estate planning benefits from the conveyance of the property into the Family Trust. Such benefits included directing the disposition of one of their primary assets, tax benefits to their heirs, and providing that their heirs could avoid probate on that property following their deaths. These are real benefits and were adequate consideration for the conveyance. While not yet addressed in Wyoming case law, other jurisdictions have found that inadequate consideration alone is not sufficient to establish fraud. There were no suspicious circumstances surrounding the June 26, 2006 conveyance. Wyoming law does not require monetary consideration, it requires adequate consideration.

10. While there are other badges of fraud which should be considered, courts pay particular attention to one: the financial condition of the grantor. Wyoming statutes pay particular attention to whether or not the grantor is insolvent. (W.S. §§ 34–14–103, 34–14–105 [LexisNexis 2005].) The reason for this increased scrutiny is courts find conveyances from destitute debtors more suspect, while conveyances from persons with assets sufficient to satisfy their debts are less suspect. The [Act] is really designed to protect creditors from debtors who attempt to divest themselves of all their assets in order to escape satisfying the debt. See *Smith, Keller & Associates v. Dorr, Bentley & Pecha, P.C.*, 875 P.2d 1258, 1269 (Wyo. 1994). The [Act] is not intended to prevent legitimate conveyances such as this.

11. Other badges include; 1) the relationship of the parties; 2) a retention of benefit by the grantor; and 3) consumma-

tion of the transaction in an abnormal manner. The grantors are Mr. and Mrs. Brinckerhoff and grantee is the Brinckerhoff Family Trust, there is a relationship. The mere existence of this relationship does not necessitate a finding that the conveyance was fraudulent. There was retention of benefit by Mr. and Mrs. Brinckerhoff. They both continue to reside in the Jackson home. This is no reason to brand the conveyance as fraudulent. The final badge deals with whether or not the consummation of the transaction is contrary to normal business procedures or in a hurried or secret manner. This did not happen here. The Deed at issue was duly executed, notarized and recorded with the Teton County Clerk, where it became a public record.

12. In order to succeed in her claim, [Jasper] must prove "actual intent, as distinguished from intent presumed by law, to hinder, delay or defraud either present or future creditors." (W.S. § 34–14–108 [LexisNexis 2005].) There is no intent to defraud, delay or hinder [Jasper] or any of [Brinckerhoff's] other creditors. This intent is a necessary element of a claim under the Fraudulent Conveyance Act. *Walsh v. Walsh*, 841 P.2d 831 (1992). [Jasper] has not specified how she believes the June 26, 2006 conveyance hinders her ability to receive monthly alimony payments.

13. Mr. Brinckerhoff's estate planning is neither hindering nor delaying [Jasper's] collection of her monthly alimony. [Brinckerhoff] continues to pay [Jasper]. [Brinckerhoff] has sufficient income to pay the monthly payment. He has planned for his retirement so that [he] will be able to continue to support [Jasper] until one of them dies. [Brinckerhoff] even pays the premiums on a $400,000.00 life insurance policy on himself with Mrs. Jasper as the named beneficiary.

## DISCUSSION

[¶ 6] As we have already noted above, on the date the alleged fraudulent transfer was made (June 26, 2006), the governing statute was the Uniform Fraudulent Conveyance Act. Wyo. Stat. Ann. §§ 34–14–101 through 34–14–113 (LexisNexis 2005). That Uniform Act was repealed in 2006, and the Uniform Fraudulent Transfer Act was enacted in its stead. Wyo. Stat. Ann. §§ 34–14–201 through 34–14–212 (LexisNexis 2007). The amended act took effect on July 1, 2006. 2006 Wyo. Sess. Laws ch. 55, § 3; also see Elaine A. Welle, *Is it Time for Wyoming to Update its Fraudulence Conveyance Laws?*, 5 Wyo. Law Rev. 207 (2005). Also as noted above, the complaint appears to have been filed on August 6, 2006.[1] In her brief, Jasper refers only to the more recent act, and Brinckerhoff and the district court refer only to the act in place prior to July 1, 2006. It appears from the record that counsel for Brinckerhoff prepared the order signed by the district court.

[¶ 7] Although some courts have held that fraudulent conveyance statutes apply retroactively, most do not, with an exception made for pending cases. 37 Am.Jur.2d *Fraudulent Conveyances and Transfers* § 5 (2001); 82 C.J.S. *Statutes* § 417 (1999); also see Wyo. Stat. Ann. § 8–1–107 (LexisNexis 2007); and *Chepstow Ltd. v. Hunt*, 381 F.3d 1077 (11th Cir.2004). Neither party raises this circumstance as an issue in this appeal, nor was this matter posed to the district court below. We conclude that we need not answer the question that we ourselves have posed in this regard because, although there are differences between those two acts, none of the differences plays a role in the resolution of this case and the result would be the same under either set of statutes. We will reserve answering any such question for a case in which its resolution has an effect on the litigation before us for review.

---

1. We briefly mention that the date of filing in the district court is difficult to ascertain. The date stamp was placed on the complaint in such a manner that the date is obscured by the caption printed on the pleading. We have noted this in several docketed matters from various courts, more and more often as time goes by. It is, of course, of great importance that the date on a filed document is crystal clear for many reasons, not the least of which is whether the document was timely filed.

### Jasper's Motion to Amend her Complaint

[¶ 8]   For purposes of resolving this issue, we will assume that the district court intended to deny Jasper's motion to amend her complaint, by its failure to consider or rule on her motion.

We review the denial of a motion to amend a pleading under the following standard:

> A motion to amend a pleading under W.R.C.P. 15(a) "shall be freely given when justice so requires."   However, a district court's decision to grant or deny a motion to amend is a matter best left to the judgment of that court and we will not reverse its decision absent an abuse of discretion. *Ekberg v. Sharp*, 2003 WY 123, ¶ 9, 76 P.3d 1250, 1253 (Wyo. 2003).

*Ray v. St. Vincent Healthcare, Inc.*, 2006 WY 98, ¶ 7, 139 P.3d 464, 466 (Wyo.2006). *W.N. McMurry Const. Co. v. Community First Ins., Inc. Wyoming*, 2007 WY 96, ¶ 34, 160 P.3d 71, 82 (Wyo.2007); W.R.C.P. 15(a).

[¶ 9]   As shall become evident in our discussion of the propriety of the district court's order granting summary judgment in favor of Brinckerhoff, Jasper's proposed amendment of her complaint sought to add to the complaint the occasions upon which Brinckerhoff had either transferred or conveyed his interest in the disputed real property either to or from his Family Trust, in addition to the June 26, 2006 transfer, which was the last transfer that placed the Jackson real estate in the Family Trust.   For purposes of resolution of this appeal, we deem the earlier transfers irrelevant to this case and, thus, we are compelled to conclude that the district court did not abuse its discretion in not ruling upon Jasper's motion to amend her complaint.   If she had a valid claim, the June 26, 2006 transfer sufficed to sustain that element of the claim (i.e., the existence of a conveyance or transfer).

### Did the District Court Err in Granting Summary Judgment for Brinckerhoff

[¶ 10]   When we review a summary judgment, we have before us the same materials as did the district court, and we follow the same standards which applied to the proceedings below.   The propriety of granting a motion for summary judgment depends upon the correctness of the dual findings that there is no genuine issue as to any material fact and that the prevailing party is entitled to judgment as a matter of law.   A genuine issue of material fact exists when a disputed fact, if proven, would have the effect of establishing or refuting an essential element of an asserted cause of action or defense.   We, of course, examine the record from a vantage point most favorable to that party who opposed the motion, affording to that party the benefit of all favorable inferences that fairly may be drawn from the record.   If the evidence leads to conflicting interpretations or if reasonable minds might differ, summary judgment is improper. *Abraham v. Great Western Energy, LLC*, 2004 WY 145, ¶ 12, 101 P.3d 446, 452 (Wyo. 2004).

[¶ 11]   Under the statutes at issue here, we conclude that the district court was correct in concluding that Jasper was a "creditor" under the uniform acts in consideration.   Under Wyo. Stat. Ann. § 34–14–202(a)(iii) and (iv) (LexisNexis 2007) a "creditor" and "claim" are:

> (iii) "Claim" means a right to payment, whether or not the right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured;
>
> (iv) "Creditor" means a person who has a claim[.]

Under the 2005 statute a "creditor" is "a person having any claim, whether matured or unmatured, liquidated or unliquidated, absolute, fixed or contingent."   Wyo. Stat. Ann. § 34–14–102(a)(iii) (LexisNexis 2005).   It is a well-recognized principle of law that a spouse is entitled to have his or her alimony protected against conveyances or transfers that are intended to defraud the spouse of the maintenance payments.   27B C.J.S. Divorce § 751 (2005).

[¶ 12]   However, the district court was also correct that the uncontroverted evidence in this case established that Brinckerhoff was not insolvent after the contested conveyance, nor had he transferred property

with an actual intent to hinder, delay, or defraud Jasper of her alimony payments. E.g., *Molitor v. Molitor,* 184 Conn. 530, 440 A.2d 215, 218–19 (Conn.1981), and see generally 7A Uniform Laws Annotated, Business and Financial Laws, *Uniform Fraudulent Transfer Act* and *Uniform Fraudulent Conveyance Act* (2006).

## CONCLUSION

[¶ 13]   The failure of the district court to consider or grant Jasper's motion to amend her complaint was not an abuse of discretion. The record on appeal establishes that there are no genuine issues of material fact, and that Brinckerhoff is entitled to judgment as a matter of law and, therefore, the district court's order granting summary judgment in favor of him is affirmed.